IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, <br><br>  Plaintiff, <br><br> v. <br><br> KIRKLAND CONSTRUCTION COMPANY, LLC, JOHNNY R. KIRKLAND AND TERESA C. KIRKLAND <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. |

## COMPLAINT

Plaintiff BRANCH BANKING AND TRUST COMPANY ("BB&T") for its Complaint against Defendants KIRKLAND CONSTRUCTION COMPANY, LLC ("Borrower"), JOHNNY R. KIRKLAND and TERESA C. KIRKLAND (collectively, "Guarantors" and together with Borrower, "Defendants"), states:

## PARTIES, JURISDICTION AND VENUE

1. BB&T is a North Carolina banking corporation with its principal place of business located at 200 West Second Street, Winston-Salem, North Carolina, 27101. It is a citizen of the state of North Carolina.

2. Borrower is a citizen of Tennessee. Its principal place of business is located at 425 Conkinnon Dr., Lenoir City, TN 37772. Borrower has two members, the Guarantors, who are citizens of Tennessee

3. Guarantors are citizens of Tennessee, as they are residents of Loudon County, with a mailing address of 425 Conkinnon Dr., Lenoir City, TN 37772.

4. Jurisdiction to adjudicate this matter is vested in this Court pursuant to 28 U.S.C. § 1332. As described above, BB&T and all Defendants are citizens of different states, and the amount in controversy exceeds the amount of Seventy-Five Thousand Dollars ($75,000.00).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) and/or (2). Borrower's principal place of business is located within this judicial district, Guarantors reside in this judicial district, and a substantial part of the events or omissions giving rise to this lawsuit occurred within this judicial district.

## FACTS

6. On May 7, 2007, Borrower executed that certain *Promissory Note* in favor of BB&T in the original principal amount of $480,000.00, as subsequently modified (as modified, "Note 1"). Note 1 matured on June 5, 2016. A true and accurate copy of Note 1 is attached as Exhibit A.

7. On May 7, 2007, Borrower executed that certain *Promissory Note* in favor of BB&T in the original principal amount of $395,000.00, as subsequently modified (as modified, "Note 2"). Note 2 matured on June 5, 2016. A true and accurate copy of Note 2 is attached as Exhibit B.

8. Guarantors each executed *Guaranty Agreements* in favor of BB&T dated May 7, 2007 and May 26, 2011 (collectively, the "Guaranty Agreements"). True and accurate copies of the Guaranty Agreements are attached as Exhibit C.

9. Borrower failed to pay Note 1 and Note 2 according to their terms.

10. BB&T send a demand letter to Borrower and Guarantors on March 15, 2016. A true and accurate copy of the Demand Letter is attached hereto as Exhibit D.

11. Borrower and Guarantors failed to pay Note 1 and Note 2 upon demand.

12. As of August 26, 2016, the balance owed on Note 1, after all credits (including credit for foreclosure of collateral for Note 1), is $88,872.16.

13. As of August 26, 2016, the balance owed on Note 2 after all credits (including credit for foreclosure of collateral for Note 2), is $94,425.28.

### COUNT I – BREACH OF CONTRACT – NOTE 1

14. BB&T incorporates the foregoing allegations above as if fully set forth herein.

15. BB&T loaned money to Borrower, as evidenced by Note 1.

16. BB&T has fully performed its obligations.

17. Defendants promised to pay BB&T the amount of the loan, as evidenced by Note 1 and the Guaranty Agreements.

18. Defendants have defaulted on Note 1 by failing to pay in accordance with the terms of Note 1.

19. Note 1 has matured, and the entire balance of Note 1 is now due and owing.

20. After all credits, Defendants are indebted to BB&T on Note 1 in the amount of $88,872.16 as of August 26, 2016, plus attorney fees and costs as provided in Note 1.

21. BB&T is entitled to judgment against Defendants, jointly and severally, for all amounts owed on Note 1.

### COUNT II – BREACH OF CONTRACT – NOTE 2

22. BB&T incorporates the foregoing allegations above as if fully set forth herein.

23. BB&T loaned money to Borrower, as evidenced by Note 2.

24. BB&T has fully performed its obligations.

25. Defendants promised to pay BB&T the amount of the loan, as evidenced by Note 2 and the Guaranty Agreements.

26. Defendants have defaulted on Note 2 by failing to pay in accordance with the terms of Note 2.

27. Note 2 has matured, and the entire balance of Note 2 is now due and owing.

28. After all credits, Defendants are indebted to BB&T on Note 2 in the amount of $94,425.28 as of August 26, 2016, plus attorney fees and costs as provided in Note 2.

29. BB&T is entitled to judgment against Defendants, jointly and severally, for all amounts owed on Note 2.

**WHEREFORE**, BB&T respectfully requests:

A. That judgment be entered against Defendants, jointly and severally, for breach of contract on Note 1;

B. That judgment be entered against Defendants, jointly and severally, for breach of contract on Note 2;

C. That BB&T be awarded its attorneys' fees and costs; and

D. Such other and further relief as the Court deems just, proper and equitable.

Respectfully submitted,

s/ Erika R. Barnes
Erika R. Barnes (Sup. Ct. No. 28628)
STITES & HARBISON PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
(615) 782-2252 Fax : (615) 742-0734
Email: ebarnes@stites.com

*Attorneys for BB&T*